NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4486
_____

BARBARA DIBATTISTA,

*Appellant*

v.

BUCKALEW, FRIZELL & CREVINA, LLP;
JOHN DOES 1-25
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:13-cv-01639)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2014

Before:  SMITH, VANASKIE and SLOVITER <u>*Circuit Judges*</u>

(Opinion Filed: July 21, 2014)

_____

OPINION

_____

SLOVITER, *Circuit Judge*.

This case involves a purported violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant-Appellee Buckalew, Frizzel & Crevina, LLP, ("Buckalew"), a law firm acting on behalf of the owners of the alleged debt in question, The Kensington Gate Homeowners Association, Inc. ("Kensington" or "the Association").  Plaintiff-Appellant Barbara DiBattista ("DiBattista") filed a putative class action complaint against Buckalew for violating various sections of the FDCPA after Buckalew sent a letter to DiBattista attempting to collect a debt purportedly owed by DiBattista to Kensington, as well as a fee for preparing the letter.  The District Court granted Buckalew's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  For the reasons set out below, we will affirm the District Court's ruling.[1]

I.

DiBattista owns real property in Marlboro, New Jersey, located in the Kensington Gate community.  Property owners in the community must be members of the homeowners' association and pay an assessment to the Association as set out in the governing document of the Association ("the Agreement").  The Buckalew law firm represented Kensington (and other similar entities) on various matters, including enforcing claims against property owners for failure to comply with their obligations under the Agreement.

---

[1] As this dispute arose under federal law—the FDCPA, 15 U.S.C. § 1692 *et seq.*, the District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction over an appeal from a final decision of the District Court under 28 U.S.C. § 1291.

Purportedly, DiBattista repeatedly failed to make her scheduled assessment payments.[2] (App. II 17) On March 12, 2013, Buckalew sent a letter ("the Letter") to DiBattista, informing her that Buckalew represented Kensington, stating that DiBattista was behind on her payments, and explaining various remedial steps that could or would be taken if DiBattista did not take appropriate steps to remedy the situation. Those steps included Kensington filing a lien against the property, a foreclosure action, or a collection lawsuit. The Letter also explained what DiBattista could do to contest the debt, and set forth expressly the amount owed. (App. II 17-18)

Four days after receiving the Letter, DiBattista sent a reply, via counsel, contesting the validity of the debt, and filed a lawsuit against Buckalew alleging violations of the FDCPA and seeking statutory and other damages. Specifically, DiBattista alleged that Buckalew violated 15 U.S.C. §§ 1692e (prohibiting false, deceptive, or misleading representations); 1692e(5) (prohibiting threats to take any action that cannot be legally taken or that is not intended to be taken); 1692e(10) (prohibiting the use of any false representation or deceptive means to collect a debt); 1692g(a)(1) (requiring notice as to the amount of the debt owed); 1692g(a)(3) (requiring notice of time limits on disputing a debt); and 1692f (prohibiting using unfair or unconscionable means to collect a debt). Buckalew filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The District Court considered each allegation in turn and determined that,

---

[2] The actual validity of the debt, and the amount owed, if any, are not before us at this time. We therefore do not address these issue.

3

"[DiBattista] has failed to state any plausible claim under the FDCPA", and granted Buckalew's motion to dismiss. (App. 10) DiBattista appealed.

## II.

We exercise plenary review over a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and accept as true the well-pled factual allegations in the complaint, viewing them in the light most favorable to the plaintiff. *Santomenno v. John Hancock Life Ins. Co.*, 677 F.3d 178, 182 (3d Cir. 2012). We apply the same standard that the District Court should have applied, determining whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). We need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted). The "mere possibility of misconduct" does not suffice to grant relief. *Iqbal*, 556 U.S. at 679.

## III.

"Because the FDCPA is a remedial statute, . . . we construe its language broadly, so as to effect its purpose." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citations omitted). In doing so, we evaluate communications between lenders and

4

debtors from "the perspective of the 'least sophisticated debtor'," so as to protect "the gullible as well as the shrewd." *Id.* at 454 (citations omitted). However, even though the "least sophisticated debtor" standard is a low one, it still should serve to "prevent[] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (citation omitted). Furthermore, "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt. Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (citation omitted).

DiBattista breaks her claim into several "points", and we shall address those in turn.

### A. "Written Notice of the Amount of the Debt"

The FDCA requires that a debt collector provide the consumer with written notice concerning, "(1) the amount of the debt." 15 U.S.C. § 1692g(a)(1). DiBattista contends that the Letter from Buckalew failed to meet this standard. The Letter stated, in its first paragraph, that DiBattista was "in arrears on payment of [her] monthly common expenses and/or other charges due to the Association in the amount of $3,216.84 as of March 12, 2013." (App. II 17) On the second page, the Letter stated, "Please be advised that if you do not make payment in full to the Association of the above-stated amount *(plus $75.00 for the attorneys' fees incurred in preparing this letter)* by April 15, 2013, the Association may file a lien claim against your unit". (App. II 18 emphasis added).

5

DiBattista contends that this would leave the least sophisticated consumer unsure as to how much she owed, and is therefore a violation of § 1692g(a)(1).

DiBattista suggests that it is a clear violation of § 1692g(a)(1) not to state the amount owed in a single sum, but rather to require calculations. This claim is not supported by citation to any case law, nor does DiBattista provide any evidence that she was in fact significantly confused by the necessity to add two sums together in order to determine the exact amount owed. Most of DiBattista's brief in this court is directed to the inclusion in the Letter of the $75.00 lawyer's fee for preparing the notice letter.

The District Court ably disposed of DiBattista's argument in this respect:

> With respect to § 1692g(a)(1), Plaintiff asserts that Defendant violated this section by "[f]ailing to properly disclose the amount due" [Comp. ¶ 43]. Plaintiff further states that Defendant's collection letter . . . caused Plaintiff uncertainty and forced her to guess how much money she allegedly owed and how much money she would need to pay by April 15, 2013 to prevent [the Association] from filing a lien claim against her unit" (Id. ¶ 32). This Court finds no support in the Complaint for this allegation. The Letter, as submitted by Plaintiff, states that Plaintiff owes "$3,216.84 . . . plus $75.00 for the attorneys' fees incurred in preparing this letter" (Id. Ex. A). This language clearly informs even the "least sophisticated debtor" of the amount that is owed.

*DiBattista v. Buckalew*, No. 2:13-cv-01639 (D.N.J. Nov. 15, 2013) at 10. The Court's opinion continued:

> Finally, with respect to § 1692e, [DiBattista] states . . . that Defendant violated this section by "[u]sing false, deceptive and misleading representations or means in connection with the collection of any debt" (Id. ¶ 43) Plaintiff asserts that the Letter is false, deceptive, and misleading because Defendant did not effectively state the amount of the alleged debt and falsely stated that the Association will assume the debt to be valid unless it is disputed (Id. ¶ 31) . . . [t]his Court rejects these arguments. Accordingly, Plaintiff

6

> has failed to state any plausible claim under the FDCPA
> and Defendant's Motion to Dismiss is granted.

DiBattista presents no reason not to affirm the District Court's conclusion that the Letter "clearly informs even the 'least sophisticated debtor' of the amount that is owed." (App. 10) We agree it is not unreasonable to expect even the least sophisticated debtor to be able to perform the simple addition of two sums in a case such as this, and DiBattista's argument consists of nothing more than repeating the language of § 1692g(a)(1) while asserting, without support, that the Letter violates the section.

## B. "Misleading and Deceptive"

DiBattista contends that the Letter sent to her by Buckalew was "misleading and deceptive to the least sophisticated consumer like [DiBattista] because it could be read to have two or more different meanings, one of which was inaccurate." (Appellant's Br. at 14). 15 U.S.C. § 1692e states that, "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt", while the various sub-sections of § 1692e provide a non-exhaustive list of actions that would violate the requirements of this section of the FDCPA. DiBattista contends, in particular, that the Letter violates § 1692e(5), which prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken", and § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

7

According to DiBattista, two sections of the Letter in particular were problematic. After first notifying DiBattista that she owed $3,216.84 in over-due assessments and other charges, the Letter, on the subsequent page, stated:

> Please be advised that if you do not make payment in full to the Association of the above-stated amount *(plus $75.00 for the attorneys' fees incurred in preparing this letter) by April 15, 2013, the Association may file a lien claim against your unit* and/or institute a foreclosure action or collection lawsuit seeking payment of all amounts due—including acceleration of your annual common expense assessment through the end of the Association's current fiscal year, which is December 31, 2013—plus interest, late charges, costs of suit and attorneys' fees. . . .
>
> Please be advised that unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt or any portion thereof, *the debt will be assumed to be valid by this law firm and the Association;* moreover if you notify this law firm in writing within the 30-day period that the debt or any portion thereof is disputed, the firm will obtain a verification of the debt and mail it to you.

(App. II 18, emphases added).

DiBattista claims that these sections are "misleading and deceptive" insofar as they might lead a least sophisticated debtor to be unsure what amount of money was due to the Association, whether a lien could be filed if she paid only some lesser amount, and whom she must contact to exercise her rights, as set out in 15 U.S.C. § 1692g(a)(4), to contest a debt and receive verification of the amount owed. As we have already addressed the question of the amount owed, we shall focus on the other two issues.

DiBattista claims that the above language is "misleading and deceptive" and therefore violates § 1692e(5) because "Upon information and belief, Defendant has never filed a lien claim on behalf of Kensington for $75.00 when such amount represented the only amount due, and was the result of attorneys' fees incurred in preparing a letter."

8

(Appellant's Br. at 16)  There are two flaws with this argument.  First, DiBattista has made insufficient assertions to support this claim.  The claim therefore fails to meet the standard set out in *Twombly*.  *See Twombly*, 550 U.S. at 555 (requiring plaintiffs to assert factual allegations sufficient to raise a right of relief above a speculative level and advance a showing of entitlement to a right of relief).

Additionally, the Agreement between DiBattista and Kensington specifically allows for the collection of attorneys' fees and the filing of a lien, in the case of past-due assessments, as are alleged here.  (App. II 65, 68)  Somewhat confusingly, DiBattista here claims that the $75.00 fee for preparing the Letter is a "contingency fee."   A recent decision from the District Court of New Jersey, decided after the District Court in this case issued its opinion, did consider whether a contingency fee for collection can be included in the amount reported to a consumer.  *See Ardino v. Solomon and Solomon, P.C.*, 2014 WL 268680 (D.N.J., Jan. 23, 2014).  Although *Ardino* held that a demand for an as-yet indeterminate amount for legal costs that had not yet accrued stated a cognizable claim under the FDCPA, *Ardino* is distinguishable.  This case deals with a determinate amount, authorized by the Agreement, which, as stated in the Letter, had already been incurred.  DiBattista's repeated unsupported claim that the $75.00 fee is a "contingency fee" cannot change this fact.  The Letter, therefore, does not violate §§ 1692e(5) or (10) in this regard.[3]

---

[3] DiBattista also argues that the collection notice was misleading because it suggested that the Association could file a lien against her unit even if the only amount owed was the $75.00 in attorneys' fees, when in fact such a lien is prohibited by New Jersey Law. This argument is based on a misreading of N.J.S.A. 46:8B-21.a, which prohibits an

Finally, DiBattista claims that the second quoted paragraph from the Letter above is "misleading or deceptive" because it would make her unsure whom she should contact to assert her rights under § 1692g(a)(4). DiBattista claims that the Letter left her unsure whether she should contact Buckalew, the Association, or both. The District Court correctly rejected this argument. As the District Court noted, the language of this section of the Letter very closely tracks that of § 1692g(a)(4). (App. 6-7) The only significant difference is the inclusion, in the Letter, of the clause "and the association" after "assumed to be valid by this firm". (App. 7) The Court of Appeals for the Second Circuit, when faced with an essentially similar claim, has held that similar language did not violate § 1692g(a)(4). *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365-66 (2d Cir. 2005). DiBattista cites no contrary authority in this (or any other) circuit, and it is unclear how the inclusion of the cited language could lead even an unsophisticated debtor not to protect her rights. The language in the Letter clearly states that it is "this law firm" which should be contacted. Even if the additional language did lead to mild confusion, at worst this would lead to the harmless error of Kensington being contacted as well as Buckalew. Although DiBattista argues that the Second Circuit's decision is not precedential on this issue, we agree with it. We will affirm the District Court's order on this claim.

_____

association from filing a lien when "the unpaid assessment consists only of *late fees*." Because N.J.S.A. 46:8B-21a does not prohibit an association from filing a lien when the unpaid assessment consists only of *attorneys' fees*, we reject this argument as well.

10

C. "Unfair or Unconscionable Means"

Under 15 U.S.C. § 1692f(1), it is a presumptively prohibited unfair or unconscionable means to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." DiBattista claims that, by including a $75.00 fee for preparing the Letter, Buckalew violated this clause of the FDCPA. However, as the District Court noted, language in the Agreement explicitly allows Kensington to include attorneys' fees in the amount sought in collection. (App. 6) DiBattista attempts to make an issue out of the fact that in one of the two places in the Agreement where attorneys' fees are discussed, the Agreement allows for a charge of 20% of the amount sought, an amount that is significantly different from, and certainly higher than, the $75.00 actually sought. (App. II 68) Why this should matter is not, however, clear, especially as the Agreement also allows for "reasonable attorney's fees." (App. II 65) What is clear is that DiBattista has not alleged any facts that would, if accepted as true, constitute a violation of § 1692f(1).

D. Alternative of Dismissal Without Prejudice

DiBattista suggests, at several points, that the fundamental flaw the District Court found in the complaint was that it failed to specifically claim that the $75.00 fee charged by Buckalew for preparing the Letter was a "contingency fee." DiBattista argues that rather than dismissal of the complaint for failure to state a claim, the complaint should be dismissed without prejudice so that she could amend the complaint to include the term "contingency fee." This argument is without merit. Although the District Court did

11

comment on the lack of the phrase "contingency fee" in the relevant section of the complaint, the most relevant finding of the District Court was that, "[DiBattista] has alleged no facts in the Complaint that support the notion that the attorney's fees were not yet due at the time that [Buckalew] sent the letter." (App. at 8) This conclusion stands, for reasons noted above, on appeal. The problem with the complaint is not the lack of some "magic words", but the lack of any assertions to support the claim.

## IV. Conclusion

For the reasons set out above, the District Court did not err in holding that DiBattista had failed to state a claim, and did not err in dismissing the complaint under Fed. R. Civ. P. 12(b)(6). We will affirm.